IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01031-BNB

TONY JAMES DEWAYNE MILLER, aka Tony J. Gallagher, aka Tony Gallagher, aka Tony Miller,

    Petitioner,

v.

UNITED STATES DISTRICT COURTS, and
UNITED STATES DISTRICT JUDGE,

    Respondents.

## ORDER OF DISMISSAL

    Petitioner, Tony James DeWayne Miller, aka Tony J. Gallagher, aka Tony Gallagher, aka Tony Miller, is a prisoner at the Arapahoe County Detention Facility. He filed *pro se* a Petition for Writ of Habeas Corpus Ad Subjiciendum (ECF No. 1). The Court reviewed the document and determined that it was deficient. Therefore, on April 10, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 3) directing Petitioner to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

    The April 10 order pointed out that Petitioner failed to submit either the $5.00 filing fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action on the proper, Court-approved form with a certified copy of his trust fund account statement from the appropriate prison official. The April 10 order also pointed out that Petitioner failed to submit an Application for Writ

of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on the proper, Court-approved form. The April 10 order directed Petitioner to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and § 2241 Application. The April 10 order warned him that if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.

Petitioner has failed to cure the designated deficiencies within the time allowed, or otherwise to communicate with the Court in any way. Therefore, the action will be dismissed without prejudice for Petitioner's failure to cure the designated deficiencies as directed within the time allowed and for his failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Petitioner files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff to cure the deficiencies designated in the order to cure dated April 10, 2014, within the time allowed and for his failure to prosecute. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  23rd  day of     May           , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court